**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DWAYNE J NORTON,**

      **Plaintiff,**

**v.**                                                    **CASE NO. 4:06-cv-00173-WS-AK**

**JAMES CROSBY, JR,
MAURICE M PAUL,
HARRY K SINGLETARY,**

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a Petition for writ of certiorari (doc. 1), a motion for leave to proceed *in forma pauperis* (doc. 2), and a motion for staying and oral argument. (Doc. 3).

Plaintiff has previously filed several civil rights cases in this district. Plaintiff did not file the instant petition on the proper complaint forms and did not address the fact that he has filed these cases nor has he mentioned that he has been on the court's three strikes list.  See Case Nos. 4:05CV104 (failure to state a claim); 4:05CV166 (frivolous); 4:05cv261 (failure to state a claim); 5:05cv176 and 4:06cv40 (dismissed pursuant to 28 U.S.C. §1915(g)).  He has also had at least fourteen other cases dismissed in the Middle District.  (<u>See</u> Doc. 5 in Case No. 4:06CV40)

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

if the prisoner has, on 3 or more occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The instant complaint requests that his previous cases be reinstated and he
claims a denial of due process.  Thus, his allegations do not bring him within the
"imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under
imminent danger of serious physical injury, his request to proceed *in forma pauperis*
should be denied and this action should be dismissed.  The dismissal should be
without prejudice to him making the same allegations in a complaint for which he
pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's
motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. §
1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Gainesville, Florida, this **18th** day of October, 2006.


 s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

*Case No: 4:06-cv-00173-WS-AK*

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**